1
2
3
4
5          UNITED STATES DISTRICT COURT
6          NORTHERN DISTRICT OF CALIFORNIA
7
8                                    )    No. C-04-4537 SC
     RADIAN INTERNATIONAL, LLC,      )
9                                    )
              Plaintiff,             )    ORDER RE: DEFENDANT'S
10                                   )    MOTION TO DISMISS
        v.                           )    COMPLAINT FOR
11                                   )    IMPROPER VENUE, LACK
     ALPINA INSURANCE COMPANY,       )    OF PERSONAL
12                                   )    JURISDICTION, AND
              Defendant.             )    FORUM NON CONVENIENS
13   _____)

14

15       Plaintiff Radian International, LLC ("Plaintiff") brought

16  this action against Defendant Alpina Insurance Company

17  ("Defendant") to obtain declaratory relief and damages for an

18  alleged breach of contract.  The suit stems from a disagreement

19  over whether or not Defendant had a duty to defend and indemnify

20  Plaintiff pursuant to an insurance policy.  The parties disagree

21  over whether the policy at issue covers defense costs and damages

22  resulting from a dispute between Plaintiff and Solidere, a quasi-

23  governmental Lebanese entity which engaged Plaintiff to carry out

24  environmental remediation work on a landfill in Beirut, Lebanon.

25       Defendant now specially appears before the Court to move for

26  dismissal based on improper venue, lack of personal jurisdiction,

27  or forum non conveniens.  Because the Court finds that dismissal

28  for improper venue is appropriate, the Court does not consider the

United States District Court

For the Northern District of California

alternative arguments.  Nor does the Court consider the underlying merits of the case.  Rather, this Order is concerned solely with the dispositive question of whether or not venue is proper.

Defendant asserts that venue is improper due to a forum selection clause contained in the underlying insurance contract. Motion at 2.  The clause reads as follows:

> In the event an Insured and the Company dispute the meaning, interpretation or operation of any term, condition, definition or provision of this Policy resulting in litigation, an Insured and the Company agree that the laws of the State of Lebanon shall be governing [sic] this Policy in all disputes, interpretation or operation of any terms, condition, definition or provision.  Hence any resolution to a dispute, interpretation or operation of any terms, condition, definition or provision shall be held in Beirut, Lebanon.

Amended Complaint, Exhibit A-1 at 10.  Essentially, Defendant's improper venue argument boils down to whether or not this clause is enforceable.  For the following reasons, the Court holds that it is enforceable.

The main argument put forth by Plaintiff in seeking to defeat this Motion is that the clause is not a mandatory forum selection clause.  As Plaintiff correctly points out, the Ninth Circuit only enforces "mandatory" forum selection clauses which "confer exclusive and mandatory jurisdiction."  <u>Hunt Wesson Foods, Inc. v. Supreme Oil Co.</u>, 817 F.2d 75, 78 (9th Cir. 1987).  It does not enforce "permissive" clauses which merely grant jurisdiction to a particular forum without ruling out concurrent jurisdiction in other forums.  <u>Id.</u> at 77-78.

Therefore, when faced with the question of whether or not to enforce a forum selection clause, a District Court must look to

2

examples of both mandatory and permissive forum selection clauses
to determine into which category the one at issue falls.  See,
e.g., Koresko v. RealNetworks, Inc., 291 F. Supp. 2d 1157 (E.D.
Cal. 2003).  An example of an enforceable, mandatory clause is:

> This agreement shall be deemed to be a contract made
> under the laws of the State of Virginia ... Licensee
> hereby agrees and consents to jurisdiction of the
> courts of the State of Virginia.  Venue of any action
> brought hereunder shall be deemed to be in Gloucester
> County, Virginia.

Docksider, Ltd. v. Sea Tech. Ltd., 875 F.2d 762 (9th Cir. 1989).
In holding the clause enforceable, the Docksider court focused on
the final sentence's inherent meaning of exclusivity.  Id. at 763.
On the other hand, an example of a permissive, unenforceable
clause is:

> The courts of California, County of Orange, shall have
> jurisdiction over the parties in any action at law
> relating to the subject matter or the interpretation of
> this contract.

Hunt Wesson Foods, 817 F.2d at 76.  In holding this clause to be
unenforceable, the Hunt Wesson court stated, "Although the word
'shall' is a mandatory term, here it mandates nothing more than
that the Orange County courts have jurisdiction." Id. at 77.
The court continued, "Such consent to jurisdiction, however, does
not mean that the same subject matter cannot be litigated in any
other court." Id.  The issue before this Court is thus whether
the forum selection clause at hand is permissive like the Hunt
Wesson clause or mandatory like the Docksider clause.

The Court finds that the clause here is unambiguously a
mandatory clause.  In particular, the Court points to the final
sentence, which states that "any resolution to a dispute ... shall

3

be held in Beirut, Lebanon." Amended Complaint, Exhibit A-1 at 10. Unlike the phrase "shall have jurisdiction" in Hunt Wesson, which does not suggest any exclusivity, the phrase "shall be held" unambiguously mandates exclusivity. Compare N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034 (9th Cir. 1995) (holding that "shall be enforceable by a petition to confirm an arbitration award filed in the Superior Court of the City and County of San Francisco" is a permissive forum selection clause), with Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273 (9th Cir. 1984) (holding that "shall be litigated only in the Superior Court for Los Angeles, California" is an enforceable forum selection clause). Therefore, the clause now before the Court is an enforceable, mandatory forum selection clause.

A second argument put forth by Plaintiff is that Lebanon is an unreasonable forum. Generally, "[a] forum selection clause is prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." Fireman's Fund Ins. Co. v. Cho Yang Shipping Co., 131 F.3d 1336, 1338 (9th Cir. 1997) (internal citations and quotations omitted). Plaintiff relies in part on an Eighth Circuit case which held that a forum selection clause requiring litigation in Iran was unreasonable. McDonnell Douglas Corp. v. Islamic Republic of Iran, 758 F.2d 341 (8th Cir. 1985). However, McDonnell Douglas is easily distinguishable from the instant case. In that case, the court noted that Iran was at the time fighting a war with Iraq, which had an announced aim of shooting down

4

commercial airliners over Iran. Id. at 346. The court also noted that Iran and the United States had no diplomatic relations. Id. The situation in present-day Lebanon is not at all similar, and courts in other jurisdictions have enforced forum selection clauses mandating litigation in Lebanon. See Iskandar v. American Univ., 98 Civ. 6616, 1999 U.S. Dist. LEXIS 12195, at *10-12 (S.D.N.Y. Aug. 9, 1999).

Plaintiff also contends that the clause at issue is unreasonable because the United States Department of State has cautioned against travel to Lebanon and because recent events there suggest a lack of stability. Opposition at 8-10. However, this argument does not comport with the Plaintiff's ready agreement to the clause when the contract was signed. Plaintiff alleges that the Lebanese security situation has deteriorated markedly since 1999, when the insurance policy came into effect. However, even taking as true all the allegations put forth by Plaintiff, the Court does not agree that the current situation is so different that the Court should decline to enforce a clause which Plaintiff readily agreed to in 1999. For example, Plaintiff points to the recent bombing assassination of a Lebanese political leader. Opposition at 9. However, terrorist bombings are not at all specific to Lebanon as recent events in Madrid and London have sadly demonstrated. Or, Plaintiff points to a State Department travel warning for Lebanon, but a travel warning by itself does not make litigation in a particular country per se unreasonable. See Ismail v. Am. Univ. of Beirut, 246 F. Supp. 2d 330 (S.D.N.Y. 2003) (granting dismissal based on forum non conveniens

5

United States District Court
For the Northern District of California

notwithstanding a travel warning for Lebanon).  Therefore, this Court does not agree that the domestic situation in Lebanon makes the clause at issue unreasonable.[1]

Plaintiff has put forth a third argument to prevent enforcement of the forum selection clause.  Plaintiff states, "Radian's principal claim seeks damages based on Alpina's bad faith handling of Radian's tender of the Solidere action, an extra-contractual theory of liability clearly outside the contemplation of [the forum selection clause.]"  Opposition at 7. Along the same lines, Plaintiff asserts that its bad faith claim is outside the scope of the clause because it does not involve a dispute over the "meaning, interpretation or operation of any term, condition, definition or provision of this Policy."  Id. at 8.  Plaintiff cites no case law to support either of these propositions.  In fact, controlling case law conclusively demonstrates that Plaintiff's bad faith cause of action does fall within the scope of the forum selection clause.  Regardless of whether the bad faith claim is contractual or tortious in nature, or "extra-contractual" as Plaintiff alleges, it falls within the scope of the clause as long as resolution of the claim "relates to

---

[1] Plaintiff also suggests that witnesses in the United States will be unlikely to travel to Lebanon for dispute resolution proceedings.  However, just as American courts have procedures for taking out-of-jurisdiction depositions of witnesses, this Court assumes that Lebanese courts have similar procedures unless Plaintiff can show otherwise.  In terms of travel by legal professionals to Lebanon, it is unclear to the Court why a large number of legal professionals would even need to visit Lebanon given that the clause at issue mandates that Lebanese law controls, and presumably, local counsel is most knowledgeable about Lebanese law.

**United States District Court**
For the Northern District of California

1  interpretation of the contract."  <u>Manetti-Farrow, Inc. v. Gucci</u>

2  <u>America, Inc.</u>, 858 F.2d 509, 514 (9th Cir. 1988).  Based on this

3  Court's reading of the Amended Complaint, the bad faith claim

4  clearly relates to interpretation of the contract--the claim

5  alleges that Defendant "has failed to deal fairly and in good

6  faith with Radian by unreasonably refusing to pay Radian's defense

7  costs and damages awarded in the Solidere Action and has

8  maliciously refused to defend or indemnify Radian ..."  Amended

9  Complaint at 10.  This Court finds that it would be impossible to

10  extricate the issue of whether or not Defendant Alpina reasonably

11  refused to defend and indemnify Plaintiff from the issue of what

12  the insurance contract required.  Therefore, this Court holds that

13  the bad faith claim falls within the purview of the forum

14  selection clause.

15      "[A] valid forum selection clause is given controlling weight

16  in all but the most exceptional cases."  <u>Manetti-Farrow, Inc.</u>, 858

17  F.2d at 513, <u>citing to</u> <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S.

18  22, 33 (1988) (Kennedy, J., concurring).  In the case at hand,

19  Plaintiff has not presented a compelling argument that would

20  support finding this to be one of those most exceptional cases.

21  Therefore, the Court GRANTS Defendant's Motion to Dismiss.

22      IT IS SO ORDERED.

23      Dated: July  14 , 2005

24                                      /s/ Samuel Conti
                                   UNITED STATES DISTRICT JUDGE

25

26

27

28                                       7