UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADIAN INTERNATIONAL, LLC, | No. C-04-4537 SC |
| Plaintiff, | ORDER RE: PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGEMENT PURSUANT TO FRCP 59(e) |
| v. | |
| ALPINA INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff Radian International, LLC ("Plaintiff") brought this action against Defendant Alpina Insurance Company ("Defendant") to obtain declaratory relief and damages for an alleged breach of contract. On July 14, 2005, this Court granted Defendant's Motion to Dismiss based on improper venue. The Court held that dismissal was appropriate given that both parties had agreed in the insurance contract to a mandatory forum selection clause designating Beirut, Lebanon the venue for resolution of all disputes. Plaintiff has now moved under Fed. R. Civ. P. 59(e) for this Court to alter or amend its earlier judgment.

"There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or

1  4) there is an intervening change in controlling law." Turner v.
2  Burlington N. Santa Fe R.R., 338 F.3d 1058, 1063 (9th Cir. 2003)
3  (internal quotations omitted). In the instant matter, Plaintiff
4  has moved pursuant to the third ground, asserting that alteration
5  or amendment is necessary "to prevent a manifest injustice."
6  Plaintiff's Motion ("Motion") at 3.
7  　　Plaintiff's basis for this assertion is that it was denied an
8  opportunity to pursue limited discovery with respect to
9  Defendant's Motion to Dismiss. Id. at 4. Plaintiff relies on
10 Hayashi v. Red Wing Peat Corp., 396 F.2d 13, 14 (9th Cir.
11 1968), to support the proposition that "trial courts should permit
12 plaintiffs to take limited discovery regarding issues of fact
13 raised by a dispositive motion to dismiss for lack of proper
14 venue." Motion at 3. In Hayashi, the Ninth Circuit stated that
15 "the trial court may permit discovery on such a motion, and indeed
16 should do so where discovery may be useful in resolving issues of
17 fact presented by the motion ..." Hayashi, 396 F.2d at 14. The
18 Court agrees with Plaintiff that Hayashi is controlling case law.
19 However, interpretation of a contract is a question of law.
20 E.M.M.I., Inc. v. Zurich Am. Ins. Co., 84 P.3d 385, 389 (Cal.
21 2004). Therefore, under Hayashi, the Court finds that limited
22 discovery is unnecessary in the instant matter because the
23 interpretation of the forum selection clause did not involve an
24 "issue of fact." For this reason, the Court denies the Motion.
25 　　Notwithstanding the above conclusion, even if limited
26 discovery was appropriate in this matter, Plaintiff has not put
27 forth any non-frivolous reasons demonstrating that discovery would
28

1  be meaningful.  Plaintiff asserts that limited discovery might
2  1) show the existence of an additional insurance policy, or
3  2) show potential ambiguities in Clause G of the insurance
4  contract, which contained the forum selection clause.  Motion at
5  4-7.  To support its theory of a mysterious additional insurance
6  policy, Plaintiff relies on innuendo suggesting that because there
7  may have been different insurance policy numbers for the contract
8  in question, then there must have been multiple policies.  Id. at
9  4.  However, the Court fails to understand why Plaintiff would
10 need to carry out discovery to find an additional insurance
11 contract.  Plaintiff is a Delaware limited liability company with
12 its principal offices in California and engages in civil
13 engineering contract work both in the United States and abroad.
14 Amended Complaint at 2.  Presumably, if such a sophisticated
15 entity was a party to an insurance contract, it would have
16 evidence of the contract in its own records and, furthermore,
17 would have at least mentioned this mystery contract in its
18 Complaint or in its earlier opposition to Defendant's successful
19 motion to dismiss.  However, Plaintiff has instead chosen to wait
20 until this late stage to mention this alleged factual discrepancy.
21 Plaintiff's arguments simply lack credibility.  Similarly,
22 Plaintiff attempts to raise an aura of unanswered questions by
23 referring to the binder for the actual insurance policy that was
24 presented to the Court.  With respect to the binder, Plaintiff
25 states that "the original binder issued to Radian makes no
26 reference to any type of choice of law, or forum selection
27 clause."  Motion at 4.  However, "an insurance binder is only a

temporary contract which automatically terminates when the policy is issued." H/C Co. v. Zurich Am. Ins. Co., No. C-94-1106, 1995 U.S. Dist. LEXIS 14699, at *6 (N.D. Cal. Oct. 6, 1995). By definition, an insurance binder does not include all the terms of the insurance contract to which the binder is issued; otherwise, the binder would become the insurance contract itself. In sum, with regards to the issue of whether there were other agreements between the parties which would be illuminated by discovery, the Court finds that Plaintiff has presented no credible theories which would suggest that there are issues of fact necessary to determine the validity of the forum selection clause.

To support its theory that discovery could show ambiguities in the forum selection clause itself, found in Clause G of the insurance contract, Plaintiff states:

> Clause G does not unambiguously direct the parties to initiate litigation involving all disputes arising under the Alpina policy in the Lebanese courts. The Clause merely recites that "any resolution to a dispute, interpretation or operation of any terms, condition, definition or provision shall be held in Beirut, Lebanon." In light of the vague and ambiguous wording of the Alpina policy ...

Motion at 7. The Court fails to see how Plaintiff can credibly assert that "any resolution ... shall be held" is an ambiguous phrasing. As explained in the July 14, 2005 Order, case law emphatically supports the Court's holding that "the clause here is unambiguously a mandatory clause." The Court does not see any non-frivolous basis for the Plaintiff to continue to maintain that this clause is "vague and ambiguous."

In sum, two sophisticated parties agreed to an insurance

4

contract which contained a forum selection clause.  If Plaintiff did not want to pursue dispute resolution procedures in Beirut, Lebanon, it should not have agreed to the forum selection clause at the time of contract.  The Court held in its July 14, 2005 Order that the clause was a valid and enforceable forum selection clause.  The Court holds now that denying Plaintiff an opportunity to conduct limited discovery on this matter does not constitute a manifest injustice.  Therefore, Defendant's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) is DENIED in its entirety.

    IT IS SO ORDERED.

    Dated: September  2 , 2005

_____
UNITED STATES DISTRICT JUDGE